**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN DURANT,<br><br>Plaintiff,<br><br>v.<br><br>GRAPHIQ, INC.,<br><br>Defendant. | CASE NO.: __________________<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Durant ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501. Plaintiff seeks compensatory or statutory damages, in an amount to be established at trial, and reimbursement of his costs including attorneys' fees, under the Copyright Act.

## PARTIES

2. Plaintiff John Durant is an individual doing business under the name John Durant Photographer at 3421 Tripp Ct., Studio 4, San Diego, California 92121.

3. Upon information and belief, defendant Graphiq, Inc., f/k/a FindTheBest.com ("Defendant") is a corporation organized under the law of the State of Delaware. Defendant's registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 10094. Upon information and belief, Defendant has a principal place of business located at 101A Innovation Place, Santa Barbara, California 93108.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the United States Copyright Act. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because Defendant is a Delaware corporation. Additionally, Defendant conducts business and has committed a tort this District. Specifically, the copyright infringement underlying this lawsuit was committed in the course of Defendant's online search engine operations, designed to be accessible and viewable anywhere and everywhere throughout the country (at a minimum), including to online viewers in this State, which has caused Plaintiff to suffer harm in this District, among other places.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims asserted occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is a professional photographer specializing in interior and exterior photographic images depicting interesting, artistic, and memorable aspects of the design elements of various buildings, homes, and other structures. Plaintiff, through his business, creates and licenses photographic images for various uses by customers around the country.

8. As a result of his talents, Plaintiff has become a highly-acclaimed architectural photographer, whose notable style and artistry make his photographs very popular and valuable.

9. Plaintiff is the original author of a stylized and popular photographic image of a medical center and office building located in Phoenix, Arizona (the "Copyrighted Work").

10. Attached hereto as **Exhibit A** is a true and accurate copy of the Plaintiff's Copyrighted Work.

11. Plaintiff registered the Copyrighted Work, along with other photographs he created in the first quarter of 2005, with the United States Copyright Office, obtaining Registration Number VAu 666-026, effective as of April 12, 2005. Attached hereto as **Exhibit B** is a true and accurate copy of the registration VAu 666-026 issued by the United States Copyright Office.

12. Plaintiff is the exclusive owner of all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

13. Upon information and belief, Defendant owns and operates online search engines organized around particular industries and topics, on which Defendant posts information concerning companies and information related to those industries, among other content Defendant is responsible for creating. Upon information and belief, Defendant earns its profits from, among other sources, advertising sold on the web pages displaying the company data and other content that results from searches run by consumers or other viewers interested in information relating to the industries or topics around which Defendant's search engines are tailored.

14. On information and belief, Defendant's search engine containing content on companies and other content in the topic area of health care uses the name "healthgrove" in its search results.

15. In April 2015, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work on its search engine pages at following URLs ("Infringing Works"):

- http://hospitals.healthgrove.com/l/172/Banner-Estrella-Medical-Center;

- http://hospitals.healthgrove.com/sites/default/files/110/media/images/Banner_Estrella_Medical_Center_1473827.jpg;
- https://www.graphiq.com/search/search?cid=11&query=banner+estrella;

16. Copies of screenshots demonstrating Defendant's reproductions of the Copyrighted Work and its public display and distribution of the Infringing Works are attached hereto as **Exhibit C**.

17. Defendant's reproduction of the Copyrighted Work and its distribution and public display of the Infringing Works have been without Plaintiff's permission.

18. On January 27, 2017, Plaintiff (through counsel) served written notice on Defendant of its infringement, demanding that Defendant cease and desist its infringement and that Defendant compensate Plaintiff for the otherwise unauthorized commercial use of his Copyrighted Work.

19. That day, Defendant followed up by email with Plaintiff's counsel to obtain screenshots of the Infringing Works identified in the demand letter and related background information.

20. Despite receipt of Plaintiff's demand letter and the additional background information it requested on January 27, 2017, Defendant has refused to remove the Infringing Works from its search engine website and has refused to respond substantively to Plaintiff in any way.

21. One of the Defendant's Infringing Works displays a reproduction of the Copyrighted Work with the statement "Source: bannerhealth.com." On information and belief, Defendant intends that posted statement to be a representation that the source of the reproduction of the Copyrighted Work was Banner Health.

22. Defendant did not obtain a license or other lawful permission to reproduce, display or distribute the Copyrighted Work from Banner Health.

23. In January 2005, Plaintiff entered a photographer's agreement with a small group of entities that held an interest in the office building that is the subject of a photography assignment ("Photographer's Agreement," attached hereto as **Exhibit D**). That group was led by NBBJ Architects and included Banner Estrella Medical Center.

24. The Photographer's Agreement led to the photo shoot during which Plaintiff created the Copyrighted Work.

25. The Photographer's Agreement provided limited rights for the group agreeing to pay for Plaintiff's photography services to use the resulting photographs, including Banner Estrella Medical Center, but it also contained express limitations on their rights to use those photographs. Specifically, Banner Estrella Medical Center expressly agreed that the Plaintiff's photographs "may not be used for advertising in any media, print, broadcast, or electronic. No other third party rights are granted."

26. Banner Health and Banner Estrella Medical Center do not have a license from the Plaintiff permitting them to use the Copyrighted Work for advertising on any media, and they do not have a license permitting them to distribute or extend any rights in the Copyrighted Work to any third party.

27. The reproduction and / or distribution of the Copyrighted Work on Defendant's search engine website is not permitted by any license agreed to by the Plaintiff.

28. On information and belief, Defendant is either aware that Banner Health does not have a license permitting the distribution, reproduction or display of the Copyrighted Work by or to the Defendant, or any other use of the Copyrighted Work for advertising purposes, or it

intentionally failed to obtain or inquire about the actual license obtained by Banner Estrella Medical Center, even though it was put on notice by the Plaintiff that he claims the Defendant's use of the Copyrighted Work and displays of the Infringing Works were unauthorized and in violation of his copyrights.

29. Defendant's refusal to inquire into the actual limitations of the Banner Estrella Medical Center's limited use license, or the continued public display and distributions of the Infringing Works and other use of the Copyrighted Work despite learning of the actual limitations of that limited use license, constitutes willful infringement of Plaintiff's copyrights in the Copyrighted Work.

30. On information and belief, Defendant's reproduction of the Copyrighted Work and its public display and distribution of the Infringing Works, are intended to result in consumers and other online viewers spending time on its search engine website and viewing the advertisements posted on that website by advertisers or other interested parties who pay the Defendant for the placement of those advertisements.

31. On information and belief, the Defendant has profited from its reproduction of the Copyrighted Work and the public display and distributions of the Infringing Works.

32. Defendant has refused to obtain, or even seek, a valid license from the Plaintiff for its use of his Copyrighted Work, intending instead to use the Copyrighted Work for its own profit without compensating the Plaintiff in any way.

**COUNT 1: COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

33. Plaintiff realleges paragraphs 1 through 32 above and incorporates them by reference as if fully set forth herein.

34. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

35. Defendant has infringed and violated, and continues to infringe and violate, Plaintiff's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. § 501 *et seq*., by reproducing the Copyrighted Work and by distributing and publicly displaying the Infringing Works.

36. Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work has been willful and deliberate and Defendant has profited from its infringement at the expense of the Plaintiff.

37. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be found to be appropriate after trial. Alternatively, at Plaintiff's option, Plaintiff is entitled to recover his actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial, plus disgorgement of Defendant's profits, resulting from Defendant's unauthorized use of the Copyrighted Work.

38. Plaintiff is entitled to recover his costs of this litigation, including without limitation his attorneys' fees, pursuant to 17 U.S.C. § 505.

39. Defendant's ongoing infringing conduct has caused, and will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at

law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement by the Defendant of Plaintiff's exclusive rights in the Copyrighted Work.

WHEREFORE, Plaintiff demands judgment in his favor as follows:

1. A declaration that Defendant has infringed Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act;

2. A declaration that Defendant's infringement has been willful;

3. An award of such of actual damages caused by, and disgorgement of Defendant's profits in connection with, Defendant's copyright infringement under 17 U.S.C. § 504(b) in amounts to be determined at trial, or, at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c)(2) in an amount to be determined at trial up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work, or an amount up to be determined at trial up to a maximum of $30,000, should the Defendant's infringement be determined to be non-willful, pursuant to 17 U.S.C. § 504(c)(1);

4. An award of Plaintiff's costs and expenses incurred in this action to enforce his copyrights in the Copyrighted Work, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

5. An award of interest, including pre-judgment interest, on all damages awarded;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly, indirectly or contributorily infringing Plaintiff's exclusive copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly

display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

7. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 9, 2017

Respectfully Submitted

**DUANE MORRIS LLP**

/s/ *Oderah C. Nwaeze*
Oderah C. Nwaeze (#5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Tel: (302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

Steven M. Cowley*
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4261
smcowley@duanemorris.com
**Pro Hac Vice* Application to be submitted

*Counsel for Plaintiff John Durant*